UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60899-CIV-MARRA

MARTY STEINBERG
as court-appointed Receiver for
LANCER MANAGEMENT GROUP LLC,
et al.

      Plaintiffs
vs.

ALPHA FIFTH GROUP, et al.

      Defendants.
_____/

## ORDER AND OPINION DENYING MOTION TO STAY OR ABATE

**THIS CAUSE** is before the Court upon Defendant Stenton Leigh Capital Corp.'s Motion to Stay or Abate [DE 647]. The Court has carefully considered the motion, response, and reply, and is otherwise fully advised in the premises.

On August 15, 2008, the Receiver filed a Sixth Amended Complaint (the "Complaint") against Stenton Leigh Capital Corporation ("Stenton Leigh"), among others [DE 634]. By the Complaint, the Receiver seeks a judgment against Stenton Leigh for the value of assets which are alleged to have been fraudulently transferred by the Lancer Entities to Stenton Leigh. Milton Barbarosh ("Barbarosh") is the President, Founder and sole shareholder of Stenton Leigh, and he asserts that he is the only one capable of responding on behalf of Stenton Leigh.

On February 20, 2008, the United States of America filed a criminal indictment against Barbarosh and others. *See* Case No. 08-20071-CR-JORDAN (the "Criminal

Action").  The indictment asserts seven counts against Barbarosh for conspiracy to commit wire, mail and securities fraud and for wire fraud.  The indictment does not assert any counts against Stenton Leigh.  The Receiver has not propounded any discovery requests upon Stenton Leigh since the filing of the Complaint and no motion for summary judgment has been filed in this case

Barbarosh and Steton Leigh filed a Motion to Stay or Abate (the "Barbarosh Motion") in another proceeding styled *Court-Appointed Receiver of Lancer Management Group LLC, et al. v. Michael Lauer, et al.*, Case No. 05-60584-CIV-MARRA.  In the instant Motion to Stay, Stenton Leigh incorporates the arguments made in the Barbarosh Motion.  Stenton Leigh asserts that because Barbarosh "is the only officer and shareholder of Stenton Leigh," this proceeding should be stayed with respect to Stenton Leigh pending resolution of the Criminal Action, presumably in order to protect Barbarosh's Fifth Amendment rights.

This motion will be denied.  As stated in the Order and Opinion denying the Barbarosh Motion in Case No. 05–60584-CIV (DE 441), Stenton Leigh, as an entity rather than an individual, may not utilize the personal privilege against compulsory self-incrimination.  *Bellis v. United States*, 417 U.S. 85 (1974); *Braswell v. United States*, 487 U.S. 99 (1988); *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661 (5th Cir. 1999).  Moreover, absent an answer presenting defenses based solely on Barbarosh's testimony, or a stipulation that Barbarosh's testimony is the only evidence that will be presented by Stenton Leigh in its defense, Stenton Leigh cannot satisfy the

standard for a Constitutionally-mandated stay under applicable law.  *United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 363-65 (11th Cir. 1994).

Accordingly, it is hereby

    **ORDERED AND ADJUDGED** that Defendant Stenton Leigh Capital Corp.'s Motion to Stay or Abate **[DE 647] is DENIED WITHOUT PREJUDICE**.

    **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of March, 2008.

                                              KENNETH A. MARRA
                                              United States District Judge

copies to:

All counsel of record