UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60899-CIV-MARRA

MARTY STEINBERG
as court-appointed Receiver for
LANCER MANAGEMENT GROUP LLC,
et al.

    Plaintiffs
vs.

ALPHA FIFTH GROUP, et al.

    Defendants.
_____/

**ORDER AND OPINION DENYING
UNITED NEIGHBORHOOD HOUSES' MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant United Neighborhood Houses' Motion to Dismiss Plaintiff's Sixth Amended Complaint [DE 665]. The Court has carefully considered the motion and response, and is otherwise fully advised in the premises. No reply was submitted.

Introduction[1]

United Neighborhood Houses' ("UNH") is a 501(c)(3) charitable not-for-profit organization and is a federation of 34 independent settlement houses and community

---

[1] The following background information is taken from the Affidavit of Nancy Wackstein, submitted by UNH in support of its Motion to Dismiss. The Receiver provides very little information about UNH, and the Court finds this information helpful in putting the arguments in context. The Court may consider this affidavit as extrinsic evidence since UNH makes a factual challenge to subject matter jurisdiction. *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003). In any case, the Receiver does not take issue with any of these background facts.

centers throughout New York City.  UNH was founded in 1919 and its membership comprises one of the largest human service systems in New York City, working to provide social, educational and recreational services and activities to more than one-half million New Yorkers annually.  Wackstein Aff. ¶ 3.

Between the years of 1998 and 2003, among others, UNH, through a project called Hedge Funds Care, participated in organizing and running an annual dinner and dance benefit to assist abused children called the *Open Your Heart to Children Benefit*.  Wackstein Aff. ¶¶ 7, 9.  Between the years 1998 and 2003, Lancer Management Group LLC ("LMG") and Lancer Management Group II LLC ("LMG II") collectively donated the total sum of $76,000 to the *Open Your Heart to Children Benefit* as follows:

- (a) December 15, 1998 - $12,000 by LMG II to purchase a table for 10 at the 1999 benefit;
- (b) November 20, 1999 - $12,000 by LMG to purchase a table for 10 at the 2000 benefit;
- (c) December 10, 2000 - $25,000 by LMG II to purchase two tables of 10 at the 2001 benefit;
- (d) December 11, 2001 - $15,000 by LMG II to purchase a table for 10 at the 2002 benefit; and
- (e) January 6, 2003 - $12,000 by LMG II to purchase a table of 10 at the 2003 benefit.

The Receiver brings this action against UNH to recover the $76,000 in charitable donations which are allegedly fraudulent transfers from LMG and LMG II, two of the

Receivership Entities.

<u>Standard of Review</u>

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).  When a defendant challenges the plaintiff's standing through a motion to dismiss, the court must construe all disputed facts in the light most favorable to the plaintiff in an effort to discern whether relief could be granted under any set of facts that could be proven consistent with the allegations.  *See Chepstow Ltd. v. Hunt*, 381 F.3d 1077, 1080 (11th Cir. 2004).

To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . .  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the

complaint's allegations are true" *Twombly*, 550 U.S. at 555 (citations omitted). Plaintiff must plead enough facts to state a plausible basis for the claim. *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, - U.S. --, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 570).

Discussion

In its Motion to Dismiss, UNH argues that the complaint should be dismissed because: (1) this Court lacks personal jurisdiction over UNH; (2) several of the transfers are barred by the applicable statute of limitations; (3) the Receiver's unjust enrichment claim is barred due to the existence of an adequate legal remedy; (4) the Receiver's unjust enrichment claim is barred because UNH was a conduit for the transfers; (5) the Receiver lacks standing under the Florida Uniform Fraudulent Transfer Act ("FUFTA"), Fla. Stat. § 726.101, *et seq.*; and (6) the Receiver's claims are barred by the doctrine of *in pari delicto*.

Many of these arguments have been addressed and rejected in prior orders of this Court. *See e.g.*, Order and Opinion on Defendant Nantucket Capital Management's Motion to Dismiss, *Marty Steinberg, et al., v. Alpha Fifth Group, et al.*, Case No. 04-60899-CIV-MARRA, DE 307. Regarding UNH's first argument, since UNH is subject to personal jurisdiction in the Southern District of New York where the Receiver filed the Receivership Order and the Order of Reappointment, this Court has

personal jurisdiction over UNH by virtue of 28 U.S.C. §§ 754 and 1692 and the Court's powers of nationwide service of process under Rule 4(k)(1)(D).  *Id*.  As to UNH's second argument, that the Receiver's claims are time barred, the Court has already determined that because the Receiver has not limited his recovery to causes of action solely under Florida law, the pleadings leave open the possibility that the laws of another jurisdiction such as New York, which has a six year statute of limitations for the recovery of fraudulent transfers, may apply.  *See* Order and Opinion on Taubman's Motion to Dismiss, *Court-Appointed Receiver vs. Alfred A. Taubman as Trustee for the Taubman Ret. Rev. Trust, et al.*, Case No. 05-60199-CIV-MARRA, DE 96.  At this stage of the litigation, it is premature to undertake a choice of law analysis.

As to UNH's third argument, the Court has also previously rejected the argument that the Receiver's claim for unjust enrichment fails because an adequate remedy at law exists.  *Id; see also* Order and Opinion on Motions to Dismiss, *Court-Appointed Receiver vs. Michael Lauer, et al.*, Case No. 05-60584-CIV-MARRA, DE 353.  The Receiver may maintain an equitable unjust enrichment claim in the alternative to his legal claims against UNH.

<u>Mere Conduit</u>

UNH's fourth argument asserts that it served as a "conduit" for the transfers for the eventual recipients and as a matter of law the Receiver cannot recover the transfers from UNH.  The parties agree that the test to determine whether an entity

qualifies as a "conduit" for transfers is whether that entity had legal control over the transfers and the right to use those transfers for its own purposes.  This issue presents a question of fact that cannot be considered on a motion to dismiss.  The Receiver has alleged in the Complaint that UNH received the transfers.  Even if UNH has a valid argument that it was a mere "conduit" for the transfers, that argument is an affirmative defense to be proven at trial, not on a motion to dismiss.  *See Dept. of Ins. v. Blackburn,* 633 So.2d 521, 524 (Fla. Dist. Ct. App. 1994) ("commercial conduit" defense for intermediary transferees constitutes an affirmative defense and thus cannot justify dismissal of complaint with prejudice).

<u>Receiver's Creditor Status</u>

UNH's fifth argument asserts that the Receiver, as a matter of law, cannot bring claims under FUFTA because the Receiver represents the Receivership Entities that are the debtor/transferors that made the transfers.  According to UNH, the right to sue for fraudulent transfer in this case belongs to the creditors of the Receivership Entities, not to the Receiver, who stands in the shoes of the Receivership Entities that made the allegedly fraudulent transfer.  "[T]he Receivership Entities cannot simultaneously qualify as both "debtors" and "creditors" under FUFTA is sound as a matter of policy."  DE 665 at 15.  UNH contends that neither the Receiver, nor the Receivership Entities, are "creditors" within the meaning of the Act.

Previously, the Receiver's claims under FUFTA were dismissed because of the lack of specific factual allegations establishing the debtor creditor relationship.  *See*

*e.g.,* Order and Opinion on Motion to Dismiss Fifth Amended Complaint, DE 586.  In another ancillary case, the Court concluded that the Receiver failed to sufficiently allege standing to bring claims under FUFTA because, among other things, he "neither identified on which specific entity's behalf he is suing as a creditor, nor has he clearly articulated the basis upon which the transferor would be a debtor."  *See* Order and Opinion on Motions for Reconsideration, *Court-Appointed Receiver et al. v. the Citco Group, LLC, et al.*, Case No. 05-60055-CIV-MARRA, DE 92 at 5, DE 93 at 6.  After reconsideration, the Court stated that in order to bring claims under FUFTA, the Receiver must show that "he has a claim which qualifies him as a creditor of the entity or individual who has either transferred or received assets which thwarts the creditor's attachment."  *Id*.  The Court also noted that if the Receiver wishes to assert a claim as a creditor, he must plead factual allegations establishing the creditor/debtor relationship.

The Sixth Amended Complaint now contains many paragraphs addressing this concern.  *See* Compl. ¶¶ 26-80.  The Receiver alleges that he is the receiver of each of the Receivership Entities, as well as receiver of the post-receivership entities, and as such he is a creditor of the pre-receivership "zombie"[2] entities managed by Lauer.

---

[2] In *Scholes v. Lehmann*, 56 F.3d 750, 755 (7th Cir. 1995), the Seventh Circuit held that, during the operation of a ponzi scheme, the corporations created by the scheme operator were "robotic" "evil zombie" tools of the operator, but nonetheless separate legal entities in the eyes of the law that were forced (by the operator) to pay out funds to early investors instead of using the corporation's funds for legitimate investments. *Id.* at 754.  Once the scheme collapsed, "[t]he appointment of the

*See, e.g.*, Compl. ¶¶ 31-32. These so called pre-receivership "zombies" managed by Lauer made the transfers that are directly or indirectly traceable from investors in the Receivership Entities. *See, e.g.*, Compl. ¶ 33. The Receiver further alleges that he is a creditor of the entity transferees on the basis that the transferees received monies dissipated by the Receivership Entities. *See, e.g.*, Compl. ¶ 34.

The Receiver makes the assertion in his response that each of the Receivership Entities holds claims against the Management Companies that fraudulently dissipated funds. The Receiver maintains that he can stand as a creditor of the Management Companies with standing to pursue the fraudulent transfers because, as receiver of the newly "cleansed" Management Companies, he may assert claims against the "evil zombie" Management Companies which wrongfully dissipated funds to entities such as UNH.

---

receiver removed the wrongdoer from the scene." Freed from his spell these former "zombie" entities became entitled to the return of the moneys-for the benefit not of the operator but of innocent investors-that the operator had made the corporations divert to unauthorized purposes. *Id*. Other courts have agree with the Seventh Circuit's "colorful analysis" and found a Receiver has standing to bring fraudulent transfer claims because, although the losing investors will ultimately benefit from the asset recovery, the Receiver is in fact suing to redress injuries that the entities suffered when its managers caused the entities to commit waste and fraud. *See, e.g., Donell v. Kowell*, 533 F.3d 762, 767 (9th Cir. 2008); *Knauer v. Jonathon Roberts Financial Group, Inc.*, 348 F.3d 230, 235 (7th Cir. 2003) ("As long as an entity is legally distinct from the person who diverted funds from the entity, a receiver for the entity has standing to recover the removed funds"). At the pleading stage, the Court will permit the Receiver to pursue this legal theory. A determination of whether this theory is legally viable and whether the Receiver can prevail on this theory should await the development of a complete factual record.

Accepting all factual allegations in the complaint as true and taking them in the light most favorable to the Receiver, as the Court must at this stage, the Court finds that the Receiver has made sufficient factual allegations regarding his standing as a creditor under FUFTA.  Whether he truly qualifies as a creditor is a question of fact which cannot be resolved now, but must be reserved for summary judgment or trial.

*In Pari Delicto*

UNH's last argument is that the Receiver's unjust enrichment claim is barred by the equitable doctrine of *in pari delicto*.  The Receiver responds that the doctrine of *in pari delicto* does not apply to bar claims by an equity receiver because the wrongdoing of a receivership entity or its principals is not imputed to such a receiver.

This issue has been raised by other defendants in ancillary cases and the Court has ruled that *in pari delicto* is an affirmative defense that is not appropriately considered at this point.  *See* Order and Opinion on Motions to Dismiss, *Court-Appointed Receiver vs. Michael Lauer, et al.*, Case No. 05-60584-CIV-MARRA, DE 353.

Conclusion

According to the conclusions made herein, it is hereby

ORDERED AND ADJUDGED that Defendant United Neighborhood Houses' Motion

to Dismiss Plaintiff's Sixth Amended Complaint [DE 665] is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of March, 2010.

KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record
Magistrate Judge Linnea R. Johnson